JOHN A. JOHNSON & SONS, Inc.
et al., Appellants,

v.

UNITED STATES of America ex rel. L.
C. HAMMOCK, Trustee for Ross Construction Company, Appellee.

No. 12430.

United States Court of Appeals
Sixth Circuit.

Dec. 13, 1955.

Clyde W. Key, Knoxville, Tenn., for appellants.

S. Frank Fowler, Knoxville, Tenn., for appellee.

Before ALLEN, MARTIN and STEWART, Circuit Judges.

PER CURIAM.

This rather complicated litigation between the appellant prime contractor and its sureties and the appellee subcontractor, plaintiff below, in an action brought by the United States for the use and benefit of its Trustee in Bankruptcy in reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., was tried in the United States District Court upon full and detailed testimony and exhibits relating to the several controversies involved.

In our opinion, the district court did not err, as insisted by appellant, in admitting oral testimony to explain the real agreement between the parties. The issue as presented did not involve the contradiction or variance of a valid written instrument. The parties had proceeded to operate under the agreement between them before the contract was executed by the appellee sub-contractor.

The finding of the district court that the oral contract under which the parties operated did not contemplate "the doing of footings" by the sub-contractor is supported by substantial evidence and is not clearly erroneous. The contract in controversy was signed by the sub-contractor at a time when it was on the verge of insolvency and under duress of appellant, which was withholding payment of amounts due the sub-contractor until the contract should be signed by it.

Appellant's inequitable treatment of appellee in their contractual relationship is manifest from positive and substantial evidence of record. It appears from the entire evidence in the case, as found by the district court, that equity does,

not require the allowance of the set-off claimed by appellant.

An opinion reviewing in detail the evidence introduced at the trial and the various propositions raised is considered unnecessary for the reason that United States District Judge Taylor, in his well considered memorandum opinion, D.C., 137 F.Supp. 881, carefully and correctly analyzed and disposed of all issues presented.

Accordingly, the judgment of the United States District Court is affirmed; and it is so ordered.